UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ERIC CAMPBELL and
KELLY CAMPBELL

             Plaintiffs,

v.

RHODE ISLAND HOUSING AND
MORTGAGE FINANCE CORPORATION,

             Defendant.

C.A. No. 19-cv-00079-WES-LDA

**DEFENDANT RHODE ISLAND HOUSING AND MORTGAGE FINANCE
CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiffs Eric Campbell and Kelly Campbell's (the "Plaintiffs") Amended Complaint fails to allege causes of action that properly belong in Federal Court. Their request for Declaratory Judgment turns predominantly on alleged violations of state foreclosure laws. This Court lacks subject matter jurisdiction over those claims.

The Amended Complaint also includes boilerplate allegations of violations of 12 CFR 1024.41, regarding loss mitigation procedures. Those claims fail, as a matter of law, because Plaintiffs fail to posit any factual aversions showing the applicability of those regulations, and also seeks a remedy, rescission of foreclosure, that those regulations do not provide. Lastly, Plaintiffs make a vague allegation of a civil rights violation to the effect that they ought to "be treated as everyone else," but fail to tie that allegation to a cognizable claim.

Defendant Rhode Island Housing and Mortgage Finance Corporation ("RIHousing") therefore has moved to dismiss the Amended Complaint and presents this Memorandum of Law in support of that Motion.

### Facts

The operative pleading in this matter is Plaintiffs' Amended Complaint. [See Docket # 4]. As an initial matter, Plaintiffs allege that they and RIHousing are domiciled in Rhode Island, so there is no diversity of citizenship. (*See* Am. Compl., ¶¶ 1-2, p. 2).

Rather, Plaintiffs allege federal jurisdiction based upon the following:

> Jurisdiction is proper in this Honorable Court because this litigation arises under federal law due to the failure of [RIHousing] to correct errors which were made and by their failure to rescind the foreclosure. The Notice of Error process renders the Federal Court the proper place for jurisdiction, which would allow this Declaratory Judgment complaint to be filed in this Honorable Courthouse asking that this foreclosure be rescinded.

(*Id.*, ¶ 3, p. 2).

The gravamen of the Amended Complaint is that RIHousing conducted a purportedly unlawful foreclosure as a result of:

- service of a defective default notice;

- failure to provide a "Notice of Mediation" as required by R.I.G.L. § 34-27-3.2;

- failure to provide an acceleration letter, as purportedly required by the Mortgage;

- failure to provide "loss mitigation services" prior to sending a notice pursuant to R.I.G.L. § 34-27-4;

- violations of 12 CFR 1024.41; and,

- "totally violating the Plaintiffs' Civil Rights to be treated the same as everyone else …."

(*Id.*, pp. 4-5).

Plaintiffs allege that RIHousing violated 12 CFR 1024.41 by completing the challenged foreclosure "despite the receipt of a complete loss mitigation package," RIHousing's purported refusal to review that package, and RIHousing's denial of "any loss mitigation options." (*Id.*, p. 3). However, Plaintiffs do not posit any facts purportedly showing the applicability of the allegedly violated portions of 12 CFR 1024.41 to RIHousing.

The sole remedy that Plaintiffs seek is "Declaratory Judgment ... to rescind the Defendants' unlawful foreclosure action on the grounds that Defendants did not follow the proper protocol ...." (*Id.*, ¶ 4, p. 6).

## Argument

### 1. Rule 12(b)(1) Standard

It is Plaintiffs' burden to prove the existence of subject matter jurisdiction. *See Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995); *see also Palazzolo v. Ruggiano*, 993 F.Supp. 45, 46 (D.R.I. 1998) ("Once a defendant challenges a court's subject matter jurisdiction, the plaintiff has the burden of establishing that jurisdiction exists.").

In ruling on a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), a court must construe the complaint liberally, treat all well-pleaded facts as true, and indulge all reasonable inferences in favor of the plaintiff. *See, e.g. Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996). "However, in ruling on a Rule 12(b)(1) motion, a court is not limited to the face of the pleadings. A court may consider any evidence it deems necessary to settle the jurisdictional question." *Murphy*, 45 F.3d at 522.

### 2. Rule 12(b)(6) Standard

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), Plaintiffs must present facts that make their claim plausible on its face. *See Bell Atl. Corp. v Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). To determine plausibility, the court must first review the complaint and separate conclusory legal allegations from allegations of fact. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 53 (1st Cir. 2013). Next, the court must consider whether the remaining factual allegations give rise to a plausible claim of relief. *See id.*

To state a plausible claim, a complaint need not detail factual allegations, but must recite facts sufficient at least to "raise a right to relief above the speculative level ...." *Twombly*, 550 U.S. at 555. A pleading that offers "labels and conclusions" or "a formulative recitation of the elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Nor does a complaint suffice if it tenders "naked assertion[s] devoid of further factual enhancement." *Id.* (quoting *Twombly* 550 U.S. at 557); *see also Soto-Torres v. Fraticelli*, 654 F.3d 153, 159 (1st Cir. 2011) (holding that combined allegations, taken as true, "must state a plausible, not a merely conceivable, case for relief.").

### 3. This Court Lacks Subject Matter Jurisdiction Regarding Plaintiffs' State Law Claims.

For federal question jurisdiction to exist, a controverted question of federal law must form a substantial part of Plaintiffs' case. *See e.g.*, 28 U.S.C. § 1331 (2005). Moreover, the federal Declaratory Judgment Act does not independently confer jurisdiction on federal courts. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S. Ct. 876, 94 L. Ed. 1194 (1950); *see also Colonial Penn Grp., Inc. v. Colonial Deposit Co.*, 834 F.2d 229, 232 (1st Cir. 1987) ("federal jurisdiction does not lie simply because relief is requested under the federal

declaratory judgment act."). Therefore, "[a] party seeking relief in a district court must <u>at least</u> plead facts which bring the action within the court's jurisdiction. Failure to plead such facts warrants dismissal of the action." *Mills v. Brown*, 372 F. Supp. 2d 683, 688 (D.R.I. 2005) (emphasis in original; citations omitted).

Here, Plaintiffs' request for Declaratory Judgment involves primarily and predominantly issues regarding state law. Specifically, Plaintiffs allege that RIHousing violated a series of state foreclosure statutes, and the Mortgage. (*See* Am. Compl., pp. 4-5). None of those allegations "aris[e] from" federal law, so this Court lacks subject matter jurisdiction regarding those issues. *See* 28 U.S.C. § 1331.

And, even if (*arguendo*) this Court has supplemental jurisdiction over Plaintiff's state law claims, those claims should be dismissed upon the dismissal of the underlying federal claims, discussed below. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

### 4. Plaintiffs Have Failed to State Any Federal Claims.

Plaintiffs' claims regarding RIHousing's alleged violations of 12 CFR 1024.41 fail to state a claim upon which relief can be granted. Plaintiffs claim three violations of 12 CFR 1024.41:

(1) That RIHousing proceeded to foreclose despite "receipt of a complete loss mitigation package";

(2) RIHousing "refused to review" that package; and,

(3) RIHousing "denied any loss mitigation options without a written response."

4835-5756-1493.1

(Am. Compl., pp. 4-5). None of these allegations spell out a violation of 12 CFR 1024.41.

As a threshold issue, Plaintiffs have failed to allege the applicability of the allegedly violated sections of 12 CFR 1024.41 to RIHousing. Rather, these sections of 12 CFR 1024.41 do not apply to Housing Financing Agencies, like RIHousing, as a matter of law.

Applicable regulation defines a Housing Finance Agency as "any public body, agency, or instrumentality created by a specific of act a State legislature or local municipality empowered to finance activities designed to provide housing and related facilities, through land acquisition, construction, or rehabilitation." 12 CFR 226.5. RI Housing is such an agency. *See* R.I.G.L. § 42-55-1, *et seq*. (statute establishing RIHousing and stating goals to include the provision of housing to those in need). In turn, the term "small servicer" expressly includes all Housing Finance Agencies. *See* 12 CFR 1026.41(e)(5).

12 CFR 1024.41 exempts "small servicers" from its strictures with limited exceptions not relevant here:

> [12 CFR 1024.41] includes an exemption for small servicers …. However, a small servicer is required to comply with two requirements: (1) a small servicer may not make the first notice or filing required for a foreclosure process unless a borrower is more than 120 days delinquent, and (2) a small servicer may not proceed to foreclosure judgment or order of sale, or conduct a foreclosure sale, if a borrower is performing pursuant to the terms of a loss mitigation agreement.

*Dixon v. Residential Fin. Corp.*, Case No. 2006CV-03-110, 2015 Ohio Misc. LEXIS 15462, at *14-15 (Oh. Ct. Comm. Pleas Jan. 13, 2015); *see also* 12 CFR 1024.41(j). Plaintiffs have not pled a violation of either of these exceptions.

Additionally, 12 CFR 1024.41 only applies to first-time loss mitigation applications received more than 37 days before a foreclosure sale. *See* 12 CFR 1024.41(c)(1); *see also Solis v. U.S. Bank, N.A.*, No. 17-20476, 2018 U.S. App. LEXIS 15116, at *5 (5th Cir. 2018) ("Section

1024.41 applies to loss mitigation applications received more than 37 days before a foreclosure sale").

Here, Plaintiffs have failed to plead adequate facts demonstrating that their alleged loss mitigation package was the first package they had submitted, and that they submitted that package more than 37 days before the foreclosure. These failings, standing alone, warrant dismissal of Plaintiffs' claims regarding an alleged violation of 12 CFR 1024.41. *See, e.g. Solis*, No. 17-20476, 2018 U.S. App. LEXIS 15116, at *5-6 (upholding dismissal of action alleging violation of 12 CFR 1024.41 – "The district court did not err when it held that the Solises failed to allege that this application was their first complete loss mitigation application. …. Thus, Appellants … failed to plead the prerequisites of a plausible claim.").

Moreover, RIHousing's alleged denial of mitigation options is not a violation of 12 CFR 1024.41 as a matter of law. That regulatory section states, in relevant part, that "[n]othing in § 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option." 21 CFR 1024.41(a).

Additionally, 12 CFR 1024.41 does not afford the remedy of rescission that Plaintiffs seek. Rather, "[a] borrower may enforce the provision of this section pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f))." *Id.* In turn, that statutory subsection allows a suit for damages, but does not provide a basis for rescission of a foreclosure sale. *See* 12 U.S.C. § 2605(f).

The Amended Complaint also references the "Notice of Error process." (*See* Am. Compl., ¶ 3, p. 2). That reference appears to be to the processes contained in 12 CFR 1024.35, which are regulations allowing consumer borrowers to seek correction of certain errors in loan documents or loan processing. Plaintiffs' reference appears to be errant, in that the balance of the Amended Complaint has no allegations that implicate this regulatory section. Also, 12 CFR

1024.35(i)(2) expressly states that those regulations have "no effect" on a lender's ability to pursue its remedies, including foreclosure.

Lastly, Plaintiff make an oblique reference to an alleged violation of their civil rights. Specifically, Plaintiff claims that RIHousing "totally violat[ed] the Plaintiffs' Civil Rights to be treated the same as everyone else …." (Am. Compl., p. 5). These pleadings are bereft of any factual aversions supporting those allegations, and so should be dismissed. *See Ashcroft*, 556 U.S. at 678 ("naked assertion[s] devoid of further factual enhancement" do not state a claim upon which relief can be granted).

Moreover, there is no common law cause of action for alleged civil right violations. *See Mills v. Brown*, 372 F. Supp. 2d at 688 ("the Fourteenth Amendment, while guaranteeing certain rights, provides no vehicle for redress of violations of these rights"). And, Plaintiff has otherwise not pled a cause of action for the alleged denial of their rights through an enabling statute, so that these claims fail as a matter of law.

## Conclusion

Plaintiffs have failed to state claims that belong in Federal Court. Their Amended Complaint, consequently, should be dismissed in its entirety.

RHODE ISLAND HOUSING AND
MORTGAGE FINANCE
CORPORATION

By their Attorneys,

/s/ Armando E. Batastini
Armando E. Batastini (#6016)
Nixon Peabody LLP
One Citizens Plaza, 5th Floor
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
E-mail: abatastini@nixonpeabody.com

Dated: May 2, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of May, 2019, an exact copy of the within document was electronically filed with the Electronic Case Filing system of the United States District Court for the District of Rhode Island and served upon counsel electronically through the Court's CM/ECF system. *Pro se* parties in this matter were served by Registered Mail, return receipt requested, and U.S. Mail, first class postage prepaid, at the following address:

Eric and Kelly Campbell
80 Thomas Avenue
Pawtucket, RI 02860

/s/ Armando E. Batastini